UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **HADASSAH GHOLIAN**<br>7010 Boxford Road,<br>Baltimore, Maryland 21215<br><br>*Plaintiff*,<br>v.<br><br>**UNIVERSITY OF MARYLAND MEDICAL SYSTEM HEALTH PLANS, INC.**<br>Suite 600<br>1966 Greenspring Drive<br>Baltimore Maryland 21093<br><br>**SERVE ON:**<br>University of Maryland Medical Sys. Corp<br>Office of the General Counsel<br>24th Floor<br>250 West Pratt Street<br>Baltimore Maryland 21201<br><br>*Defendant.* | Civil Action No. _____ |

# COMPLAINT AND JURY DEMAND

Plaintiff Hadassah Gholian ("Plaintiff" or "Ms. Gholian"), by and through her undersigned counsel, James M Ray, II and Ray Legal Group, LLC, hereby files suit against University of Maryland Medical System Health Plans, Inc. and states as follows:

## THE NATURE OF THE ACTION

1. This is Plaintiff's civil action against University of Maryland Medical System Health Plans, Inc. (hereinafter, "Defendant" or "Employer") seeking damages and/or other legal relief, including for the Defendant's violation of Ms. Gholian's rights under the federal Family and Medical Leave Act ("FMLA"), codified at 29 U.S.C. § 2601, *et seq.*

## THE PARTIES

2. Plaintiff Hadassah Gholian is a Maryland citizen and a resident of Baltimore City, Maryland.

3. The Defendant is a Delaware corporation with its principal office located in Baltimore County, Maryland.

4. The Defendant, at all times, was acting through its employees, servants, agents, or other affiliates as to the matters alleged herein.

## JURISDICTION & VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

6. The Plaintiff's FMLA cause of action is authorized by 29 U.S.C. § 2617(a)(2). The Plaintiff has a right to jury trial under the FMLA.

7. Venue is proper in this District under 28 U.S.C. § 1391, where a substantial part of the events giving rise to Plaintiff's claims occurred.

8. The Plaintiff has complied with all conditions precedent, administrative requirements, and/or legal preconditions to properly file and pursue this civil action and has exhausted any and all required administrative remedies. This civil action is lawfully filed in this Court. All conditions precedent have occurred or been performed.

## FACTS COMMON TO ALL COUNTS

9. Ms. Gholian, who is a Registered Nurse, began her employment with the Defendant on February 6, 2017 as a case manager. Ms. Gholian was a telecommute employee who worked full time at home.

10. Beginning in March 2020, Ms. Gholian sustained a "qualifying need related to a public health emergency" because she was "unable to work (or telework) due to a need for leave

to care for the son or daughter under 18 years of age of such employee if the school or place of care has been closed, or the child care provider of such son or daughter is unavailable, due to a public health emergency." The Emergency Family and Medical Leave Expansion Act, PL 116-127, 134 Stat. 178 (2020) (codified at 29 U.S.C § 2660(a)(2)(A)) (the "EFMLA"). Specifically, Ms. Gholian's children's schools were closed due to COVID-19, and she was required to provide care for her children and assist her children in their on-line education.

11. The Plaintiff and the Defendant entered into an agreement where the Plaintiff would continue to telework on a part time basis and would be granted leave under the Emergency Family and Medical Leave Act for the remainder of her regular 40 hour work week.

12. On June 19, 2020, Ms. Gholian received an email from her Employer stating, "To date you have used 140 hours of the 400 hours available to you." To Ms. Gholian, this email constituted a representation and confirmation that she had an additional 260 hours of leave remaining available to her under the EFMLA.

13. On June 22, 2020, a Human Resources representative of the Employer, along with Ms. Gholian's supervisors, called Ms. Gholian and informed her that her employment was being terminated because "it was not working out." When Ms. Gholian asked if she was terminated because she was working part time, and indicated that she could return full time, the Employer responded that it was "too late" and that Ms. Gholian's replacement had already been hired.

14. If the Employer contends that Ms. Gholian's employment was terminated because Ms. Gholian's leave under the EFMLA was exhausted, the Employer never told Ms. Gholian that her leave was exhausted; moreover, any such claim was refuted by the June 19, 2020 email indicating that Ms. Gholian had used only 140 hours of the 400 hours of EFMLA leave to which she was allowed.

15. Had Ms. Gholian been told that she needed to return to work full time by a certain date, Ms. Gholian would have returned to work on that date to avoid losing her job; however, she relied on the statement contained in the June 19, 2020 email that she still has remaining leave under the EFMLA.

16. Any non-discriminatory justification for Ms. Gholian's termination was a pretext. Ms. Gholian's supervisors frequently commented on their happiness and satisfaction with her productivity and work.

## COUNT I
### FMLA Interference -- 29 U.S.C. § 2615(A)(2)

17. The Plaintiff incorporates the preceding paragraphs as if set fully herein.

18. The Defendant is an "employer" covered by the FMLA, as it employs fifty (50) or more employees for each work day during each of twenty (20) or more calendar workweeks. *See* 29 U.S.C. § 2611(4)(A)(i).

19. Plaintiff is an "eligible employee" under the FMLA as she had been employed by Defendant, and had been working under the supervision and control of Defendant for more than twelve (12) consecutive months, and during this time period worked at least 1,250 hours within the twelve (12) month period immediately preceding Plaintiff's need for leave.

20. 29 U.S.C. § 2615(a)(1) of the FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by this subchapter."

21. The Defendant interfered with the Plaintiff's rights under the FMLA by not informing the Plaintiff that she would be terminated if she did not return to work full time by a certain undisclosed date.

22. The Defendant also interfered with the Plaintiff's rights under the FMLA by not

informing the Plaintiff that she would be terminated if she did not return to work full time by a certain undisclosed date and by terminating the Plaintiff on June 22, 2020.  The Defendant knew that the Plaintiff would rely on the express statement that, as of June 19, 2020, the Plaintiff had only used 140 hours of her allowed 400 hours of EFMLA leave, and intended to use the Plaintiff's failure to return to work on an undisclosed date as a pretext to wrongfully terminate the Plaintiff's employment.

23. As a direct and proximate cause of Defendant's unlawful actions, the Plaintiff was prejudiced, and has suffered substantial pecuniary losses.

## COUNT II
## FMLA Retaliation -- 29 U.S.C. § 2615(A)(2)

24. The Plaintiff incorporates the preceding paragraphs as if set fully herein.

25. The Defendant is an "employer" covered by the FMLA, as it employs fifty (50) or more employees for each work day during each of twenty (20) or more calendar workweeks. *See* 29 U.S.C. § 2611(4)(A)(i).

26. Plaintiff is an eligible "employee" under the FMLA as she had been employed by Defendant, and had been working under the supervision and control of Defendant for more than twelve (12) consecutive months, and during this time period worked at least 1,250 hours within the twelve (12) month period immediately preceding Plaintiff's need for leave.

27. 29 U.S.C. § 2615(a)(2) of the FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

28. The Plaintiff engaged in protected activity when she took part time EFMLA leave that had been authorized by the Defendant.

29. As a direct and proximate cause of Plaintiff engaging in protected activity by taking EFMLA leave, Defendant intentionally retaliated against the Plaintiff by terminating the Plaintiff's employment. Any explanation by the Defendant for these actions is a pretext.

30. The Defendant's wrongful intent is demonstrated by its termination of Ms. Gholian, and its misrepresentation in the June 19, 2020 email that Ms. Gholian still had substantial EFMLA remaining.

31. As a direct and proximate cause of Defendant's wrongful actions, the Plaintiff was prejudiced, and has suffered substantial pecuniary losses.

WHEREFORE, Plaintiff Hadassah Gholian respectfully prays that this Court grant the following relief:

a. An order permanently enjoining and restraining Defendant, its agents, officers, servants and employees from interfering and retaliating against other employees due to an employee use of FMLA and EFMLA;

b. Compensation for back pay, front pay, and compensation for other lost employment benefits, liquidated damages, compensatory damages, punitive damages, and costs and reasonable attorneys' fees against the Defendant in the amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

c. Reinstatement; and

d. Any and all additional relief as the Court may deem just and proper.

Respectfully Submitted,

**RAY LEGAL GROUP, LLC**

By: /s/ James M. Ray
 James M. Ray, II (#012773)
 jim.ray@raylegalgroup.com
 8720 Georgia Avenue, Suite 803
 Silver Spring, Maryland 20910
 Phone: (301) 755-5656
 Fax:  (301) 755-5627

*Attorneys for Plaintiff*

## PRAYER FOR JURY TRIAL

Plaintiff Hadassah Gholian demands a trial by jury as to all issues so triable.

  /s/  James M. Ray, II
James M. Ray, II